## ARMSTRONG *v.* STATE OF INDIANA.

[No. 30,656. Filed September 18, 1967.]

*William C. Erbecker*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Carl E. VanDorn*, Assistant Attorney General, for appellee.

LEWIS, J.—This is an appeal from verdict by jury and judgment convicting the appellant of involuntary manslaughter. The indictment charging involuntary manslaughter, omitting the formal parts, reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that
              EARL McKINLEY ARMSTRONG
              RAY PERDUE
on or about the 22nd day of June, A. D. 1963, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously, in a rude, insolent and angry manner, but involuntarily and without malice, kill one WILLIAM JESSE MONROE with their, said EARL McKINLEY ARMSTRONG'S and RAY PERDUE'S fists, and then and there causing the head of the said WILLIAM JESSE MONROE to be thrown against a hard surface, thereby feloniously, but involuntarily, inflicting mortal wounds and injuries in and upon the said WILLIAM JESSE MONROE from which mortal wounds, the said WILLIAM JESSE MONROE then and there and thereby died; and the said mortal wounds and injuries and death of the said WILLIAM JESSE MONROE were proximately caused by and were the direct results of the aforementioned unlawful acts of the said EARL McKINLEY ARMSTRONG and RAY PERDUE, then and there being * * *."

Appellant's sole assignment of error is the overruling of his motion for a new trial. The specifications assigned as error in the motion for new trial may be summarized as follows:

(1) Insufficiency of the evidence to support the verdict of the jury.

(2) Error at law in the refusal of the Trial Court to give appellant's tendered Instructions No. 1 through No. 6.

Appellant argues that only Instructions No. 1 and No. 3 were erroneously denied. He has omitted to argue Instructions No. 2, 4, 5, and 6, and such omitted instructions are, therefore, deemed waived. Supreme Court Rule 2-17 (e), 1964, requires the instruction to be set out verbatim in the argument section of appellant's brief with the verbatim objections, if any, made thereto. Rule 2-17(f), 1964, states that errors assigned and causes for a new trial not treated as directed, shall be deemed to be waived. In considering the appellant's tendered Instructions No. 1 and No. 3, the appellee has properly pointed out that appellant failed to include in his brief, twenty-two instructions that were given by the Trial Court. Rule 2-17(d), 1964, requires appellant's brief to contain, in addition to the instructions reviewed, all the instructions given and tendered which have a bearing upon the question raised. This Rule has been interpreted in *Bewley* v. *State* (1966), 247 Ind. 652, 220 N. El. 2d 612, thusly:

"* * * It therefore was incumbent upon the appellant to set forth any instructions having a bearing upon the tendered instructions refused, but there being no instructions given having a bearing thereon, it seems to us that the appellant was not obligated to set out all the miscellaneous instructions on the other issues. To us, the simpler and more expeditious thing for the appellee-State to have done would have been to set out any instruction which the State claimed covered the tendered instructions refused. * * *"

While the opinion referred to above was written after the case at bar came before this Court, and cannot be applied; it does present a very real consideration. Therefore, to avoid penalizing the litigants and to avoid confusion, we are passing over this procedural defect and will proceed to the merits. It is apparent that there was good reason why these two instructions were denied. Taking Instruction No. 1 first, it avers in substance that since the State didn't call as a witness one Beverly Ann Severance, who was available to them, the State admits her testimony would be adverse to them. Miss Severance was also available to the

defendants and was called by Perdue's attorney. This inference does not operate where the witness is available to both sides. Indeed, here she was actually called by the other side. Therefore, this instruction did not apply to this case and was incorrect. *Cauldwell, Inc. et al.* v. *Patterson* (1961), 133 Ind. App. 138, 177 N. E. 2d 490.

Instruction No. 3 was tendered as follows:

"The jury is instructed that a criminal charge against an accused involves two propositions, to wit, (1) the commission of the offense, and (2) the guilty agency of the accused in connection therewith; and both of these propositions must be established by the state to the satisfaction of the jury beyond a reasonable doubt; otherwise the accused is entitled to acquittal."

This was overruled by the Trial Judge as already covered in existing instructions. "Where the jury was fully and completely instructed on the issues to be tried, there was no error in refusing other of appellant's requested instructions which were substantially covered by other instructions given to the jury." *Todd* v. *State of Indiana* (1954), 233 Ind. 594, 122 N. E. 2d 343. There was no reason why this instruction needed to be used.

Appellant asserts that his rights were prejudiced because he was tried jointly with Perdue, and that certain evidence produced at the trial pertaining to Perdue was prejudicial to appellant. He stresses this position because of the fact that the evidence was introduced on behalf of Perdue after appellant had rested his defense. A joint trial for two or more defendants is favored by Burns' Indiana Statutes, Anno., § 9-1804, [1956 Repl.], which reads:

"When two [2] or more defendants are jointly charged with any offense, whether a felony or a misdemeanor, they shall be tried jointly, unless the court, in its discretion, on the motion of the prosecuting attorney, or of any defendant, or on its own motion, orders separate trials."

The defendants were tried jointly, pursuant to the above statute, and the record is absent of any motion on the part of appellant seeking a separate trial. Counsel for Perdue introduced four witnesses and rested his case with the right to recall one witness before the appellant Armstrong produced his first defense witness. After Armstrong completed his defense, Perdue recalled his witness. Appellant had the opportunity to cross-examine. After this witness had completed her testimony, appellant rested and there was no further evidence offered. The Trial Judge exercised his discretion over the matter of the order or proof, which he may do. *Hart* v. *State* (1942), 220 Ind. 469, 44 N. E. 2d 346. The record does not indicate any evidence of abuse of this discretion on the part of the Trial Court. Indeed, the appellant was not harmed in any way; he had the opportunity to cross-examine the witness called by defendant Perdue, and after appellant rested there was no evidence entered against him. The record simply does not support factually the contention raised by appellant. Appellant did not make any objections to the procedure or order of the Trial Court at the time of the trial. He is not, therefore, to sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial and thereafter raise such question for the first time. *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523.

We consider appellant's contention that the evidence was insufficient to sustain the verdict. There were at least two eye witnesses to the act committed by appellant, which resulted in the death of William Jesse Monroe. There was ample other evidence from which inferences could properly be drawn to sustain this conviction. This Court cannot weigh the evidence or speculate on the wisdom of the jury in reaching its verdict. We may only ascertain whether or not there was sufficient evidence from which reasonable inference may be drawn. We conclude that the evidence was sufficient. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d

677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Warren* v. *State* (1962), 243 Ind. 508, 188 N. E. 2d 108.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 631.