CRABTREE *v.* STATE OF INDIANA.

[No. 1267S151. Filed July 11, 1968.]

*James R. White,* of New Castle, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a verdict by jury and judgment convicting appellant of operating a motor vehicle while under the influence of intoxicating liquor, pursuant to Burns' Indiana Statutes, Anno., (1967 Suppl.), § 47-2001. The affidavit charging appellant, reads, omitting the formal parts thereof, as follows:

> "BE IT REMEMBERED, That on this day, before me, the undersigned Prosecuting Attorney within and for the 53rd Judicial Circuit of Indiana, personally came Lewis Coffman who being duly sworn, upon his oath says that Robert K. Crabtree, on the 26th day of March, A.D., 1966, at and in the County of Henry, and State of Indiana, did then and there unlawfully while under the influence of intoxicating liquor, did then and there unlawfully drive and operate a certain motor vehicle, to-wit: a 1960 Cadillac, license number 33 B 3113, on and upon a public highway of said county and state, to-wit: operating a motor vehicle while under the influence of liquor, going in the 1100 block of "I" Avenue, where arrest was made, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant's sole assignment of error is the overruling by the Trial Court of his motion for a new trial. The only specification assigned as error in the Motion for New Trial which appellant brings before this Court is a claim of insufficiency of the evidence to support the verdict of the jury.

Appellant in his brief has frankly requested this Court to weigh the credibility of several witnesses presented by the State. However, when the question of the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State with all reasonable inferences that may be drawn therefrom. *Langley* v. *State* (1968), 249 Ind. 29, 232 N. E. 2d 611. Further, this Court on appeal will not determine credibility of witnesses. This Court may not speculate on the wisdom of the

jury in reaching its verdict. It may only ascertain whether or not there was sufficient evidence from which reasonable inference may be drawn. *Armstrong* v. *State* (1967), 248 Ind. 396, 229 N. E. 2d 631.

There are two (2) material elements to the offense charged: operating the vehicle and being under the influence of intoxicating liquor. Appellant apparently concedes the sufficiency of the evidence presented at trial to establish intoxication. There was testimony of two (2) police officers and a gas station attendant relating to appellant's condition both before and at the time of arrest. Appellant was described as talking with a slurred tongue and as having a strong odor of alcohol about him. He was unsteady on his feet and wavered when he walked. In the officers' opinions, appellant was under the influence of alcohol. In light of the testimony presented, this Court must conclude that there was ample and sufficient evidence to sustain this material element of the offense.

Appellant was charged in the affidavit, set out, *supra*, with operating the vehicle while under the influence in the 1100 block of "I" Avenue. The evidence indicates that shortly before arrest appellant drove his car into a service station approximately seven (7) blocks from the point of arrest. A station attendant related that appellant was accompanied by a female. Appellant pointed a gun at the attendant. As a result, the attendant called the police and reported the incident and a description of the car. The attendant did not notice who was in the car, or driving it, when it left the station. Shortly thereafter, the arresting officer sighted a car of the same description as appellant's moving on Bundy Avenue approximately two (2) blocks from the gas station. The officer pursued, but was at this point unable to ascertain the identity of the driver. The policeman lost sight of the car when it turned onto "I" Avenue, but remade visual contact on "I" Avenue, and had continuous contact until the time of arrest.

The officer explained that another auto had joined appellant's moving vehicle on "I" Avenue and was following close behind appellant. Appellant's car pulled off the road and stopped. The other car pulled along side and stopped in the eastbound lane long enough to exchange a few words and then pulled away as the police car approached. Appellant contends that the girl, who was present in the car in the service station, drove the car from that point to the location of arrest on "I" Avenue. The girl who was alleged to have been with appellant so testified, claiming she then got into the auto which pulled along side appellant's vehicle. The arresting officer testified that he could see only one (1) passenger in the appellant's car, that no one entered or left the automobile in question while in his view on "I" Avenue, and that appellant was the only person present in the stopped car when he investigated. The officer also testified that he was able to identify appellant as the driver of the car when he saw the auto pull over to the curb and stop. Both the State's witnesses and appellant's witnesses testified to the jury. The jury chose to believe the testimony favorable to the State.

This Court cannot say that the evidence on the record is insufficient to prove appellant the driver of the vehicle at the time and place charged as found by the jury.

The judgment of the Henry Circuit Court is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 456.