**Gary GRIMM, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 879S238.

Supreme Court of Indiana.

March 19, 1980.

Robert W. Hammerle, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Gary Grimm appeals from the trial court's denial of his petition for post-conviction relief pursuant to Ind.R.P.C. 1. Appellant was charged in one information with two counts of unlawful dealing in a controlled substance, Ind.Code § 35–24.1–4.-1–1 (Burns 1975) (current version at Ind. Code § 35–48–4–1 (Burns 1979 Repl.)). The jury returned with the following verdict.

> "We the jury find the defendant Gary Grimm guilty of violation of the Indiana Controlled Substances Act, as charged and we fix his or her penalty at 20 years imprisonment and his or her fine at $2000 dollars."

Record at 79. At the time of sentencing, the trial judge, after discussing the form of the verdict with counsel, applied the verdict to Count I of the information and entered a judgment finding appellant guilty on Count I. Appellant was given a term of twenty years on that count. The court further found him not guilty on Count II. Appellant Grimm took an appeal to this Court, in which he raised several issues. However, he raised no question concerning the form of the verdict. This Court affirmed the judgment of the trial court in all respects on the issues raised. *Grimm v. State* (1978) Ind., 374 N.E.2d 501.

Appellant then filed this petition for post-conviction relief, which was denied in all respects. The trial court also overruled his subsequent motion to correct errors. Appellant now presents to us three attacks on the jury's verdict, as follows: (1) the verdict was uncertain and defective, and a proper judgment could not be rendered on

it; (2) the doctrine of collateral estoppel was applicable to the verdict; and (3) the verdict was inconsistent and therefore required a reversal.

The evidence at trial showed that, at the time of the commission of this act, Marion County Deputy Sheriff Stephen Neal was acting as an undercover agent. Appellant delivered to Neal fourteen pills in exchange for money. Two of the pills were determined by laboratory analysis to contain methaqualone, two contained pentobarbital, and ten contained a non-controlled substance. Count I charged the defendant with the illegal delivery of the pentobarbital, and Count II charged him with the illegal delivery of the methaqualone. Both are Schedule II narcotics. See Ind.Code § 35–24.1–2–6 (Burns 1975) (current version at Ind.Code § 35–48–2–6 (Burns 1979 Repl.)). At the time of sentencing, the trial court applied the jury's verdict to Count I and found the defendant not guilty on Count II.

## I.

■ Appellant now argues the jury's verdict was so uncertain that both counts must be dismissed and the appellant discharged. He asserts that since the jury came back with a single verdict, it is now impossible to determine to which of the counts they directed their verdict. He correctly contends the trial judge has a duty to send the jury back to correct a defective verdict before that verdict is accepted and the jury discharged. It is also true, however, that defense counsel has a duty to raise such a question when it becomes apparent.

■ We do not believe the jury's verdict was uncertain. The verdict clearly stated that the jury found the defendant guilty of the violation of the Indiana Controlled Substance Act *"as charged."* Although the jury was instructed that there were two counts in the information and they were to bring back two verdicts, the evidence showed the deliveries here were all involved in the same transaction and they were the same types of crimes, although involving different narcotic substances.

Thus, the jury returned a general verdict, finding the defendant guilty of violating the act "as charged." Appellant was charged in two separate counts. A general verdict of "guilty as charged," where a person is charged to a multi-count information or indictment, is interpreted as a verdict of guilty on each and all of the counts. *Nordyke v. State* (1937) 213 Ind. 243, 11 N.E.2d 165; *Underhill v. State* (1921) 190 Ind. 558, 130 N.E. 225; *Stadia v. State* (1929) 89 Ind.App. 192, 166 N.E. 25.

Thus, as far as any question of uncertainty is concerned, this verdict clearly could have been taken as a verdict of guilty on *both* counts. The defendant assented to the court's application of the verdict to the first count only, the imposition of a twenty-year sentence, and the finding of not guilty on the second count. Since the court's actions were to appellant's advantage, it can hardly be said that he was prejudiced. We therefore find no error on this issue.

## II.

■ Appellant next asserts that the doctrine of collateral estoppel should operate to require an acquittal as to both counts. The doctrine of collateral estoppel does not apply if there is any factual issue remaining which may or could cause the jury to reach a different result. As we explained in *Hutcherson v. State* (1978) Ind., 380 N.E.2d 1219, 1222: "The doctrine of collateral estoppel applies only if an issue of ultimate fact has once been determined and there are no other issues present upon which a rational jury could have grounded its verdict. *Ashe v. Swenson* (1970) 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469."

■ The doctrine of collateral estoppel does not apply in this case because there are no conflicting findings of fact *by the jury* on the two counts. As noted above, the jury found the defendant guilty of violating the act "as charged," and the court could have considered this a guilty verdict on both counts. The court's choosing to find the defendant not guilty on Count II does not now collaterally estop a finding of guilty on Count I. The not guilty finding

on Count II was not based on an interpretation of facts that would lead us to conclude that there was conflict between the two counts. It is apparent that the jury's intention was to find the defendant guilty on both counts. There is no occasion, then, for applying the doctrine of collateral estoppel, and appellant's argument fails on this issue.

## III.

■ Finally, appellant argues he should be acquitted on both counts since the trial court's interpretation of the jury verdict resulted in inconsistent verdicts. Appellant asserts this invalidates the guilty verdict on Count I.

As we stated in Issue I, *supra*, the defendant had an obligation to raise the question of the impropriety of the verdict at the time it was returned in open court and before the jury was discharged. *See Smith v. State* (1965) 247 Ind. 126, 211 N.E.2d 186; *Johnson v. State* (1978) Ind.App., 376 N.E.2d 542; *York v. State* (1978) Ind.App., 380 N.E.2d 1255. The reasoning behind this rule would apply with equal force to this case, where the trial court entered judgments of guilty and not guilty on the respective counts after the verdict had been returned.

However, overlooking this waiver, as we explained above, there was no inconsistency in this verdict. The court made a determination to find the defendant not guilty on Count II, and the State and defendant were in agreement. All apparently felt that since the prison terms would have been the same and the sentences would have been served concurrently, the matter was not particularly important. If there was any error in what the court did, the error favored the defendant and did not prejudice him.

■ Even assuming the trial court's action rendered the verdicts inconsistent, we have held that where verdicts as to separate counts are inconsistent, an acquittal on all counts is not required. Each count can be considered to stand by itself regardless of its inconsistency with the jury's findings on

other counts. *Dunn v. United States* (1932) 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; *Smith v. State* (1979) Ind., 388 N.E.2d 484; *Pierce v. State* (1977) 267 Ind. 240, 369 N.E.2d 617; *Flowers v. State* (1943) 221 Ind. 448, 48 N.E.2d 56. This issue is without merit.

The judgment of the trial court is affirmed.

All Justices concur.