James **HARRIS**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 184S39.

Supreme Court of Indiana.

July 30, 1985.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Harris was found guilty by a jury in Marion County Superior Court, Criminal Division VI, of the crimes of Confinement, a class B felony, Criminal Deviate Conduct, a class A felony, and Rape, a class A felony. The trial judge subsequently sentenced Defendant to a term of twenty (20) years for the confinement conviction, fifty (50) years for criminal deviate conduct and fifty (50) years for rape, all terms to run consecutively.

Five issues are presented for our review in this direct appeal as follows:

1. denial of Defendant's Motion for Change of Venue from the County and Motion for Sequestration of the Jury;

2. admission of State's exhibits into evidence;

3. denial of Defendant's Motion *In Limine;*

4. error in the giving of final instruction No. 5; and

5. sufficiency of the evidence.

On June 22, 1983, victim M.R.D., while walking to her car located in a parking garage, was grabbed from behind by an individual she identified as Defendant James Harris. Harris placed his hand over M.R.D.'s mouth, put a knife to her throat and shoved her into the front seat of her car. Harris then tied the victim's hands together and forced her to engage in fellatio and sexual intercourse.

## I

■ Defendant contends the trial court abused its discretion by denying his Motion for Change of Venue from the County and his oral Motion for Sequestration of the Jury. Defendant's Motion for Change of Venue from the County alleged that pretrial publicity precluded the selection of an impartial jury and a fair trial in Marion County. After *voir dire* of the jury, the trial court determined the jurors were not affected or influenced by any pretrial publicity and denied the motion. The trial court did not err by doing so. The moving party has the burden of establishing adverse publicity and that jurors are unable to set aside their preconceived notions of guilt and render a verdict based upon evidence introduced at trial. *Sills v. State*, (1984) Ind., 463 N.E.2d 228. However, Defendant never offered into evidence any pretrial publicity demonstrating the basis for his claim. He merely argued at trial, and currently asserts, that there was a great deal of pretrial publicity and that any jury from Marion County would be affected by it. Further, he does not furnish us with a transcript of the *voir dire* examination of the jury to support his contentions and aid us in deciding this issue. When an appellant raises an issue in his brief, it is his responsibility to furnish any transcription supporting his contention. *Cox v. State*, (1985) Ind., 475 N.E.2d 664. Not only has Defendant failed to demonstrate prejudice, but he has waived this issue for failure to furnish an adequate transcript. Accordingly, we find the trial court did not err by denying Defendant's motion.

After the court had denied the Motion for Change of Venue, the court inquired of the parties whether they would consent to the separation of the jury. The State consented but the defense indicated they would not consent to a jury separation and orally requested that the jury be sequestered. The trial court, finding sequestration unnecessary, promised to fully admonish the jury during trial, and did so.

■ The State correctly contends sequestration of the jury is a request by the defendant for a jury to be kept together during the trial and in a capital case such a request places a mandatory duty upon the trial judge to grant that request. *Partlow v. State*, (1984) Ind., 453 N.E.2d 259, *cert. denied*, (1983) —— U.S. ——, 104 S.Ct. 983, 79 L.Ed.2d 219; *Lowery v. State*, (1982) Ind., 434 N.E.2d 868, *rev'd, affirmed after remand, Lowery v. State*, (1985) Ind., 478 N.E.2d 1214. However, sequestration of a jury during trial in a non-capital case is a matter of trial court discretion. To demonstrate an abuse of discretion a defendant must make some showing of prejudicial exposure of the jury to trial publicity. *Sanders v. State*, (1981) Ind., 428 N.E.2d 23. In the instant case, Defendant makes only a general claim there was such publicity that the jury could not fairly consider the case unless they were sequestered. Since Defendant fails to demonstrate prejudicial exposure of the jury before or during trial, and the trial court properly admonished the jury prior to each recess, there is no error presented on this issue.

## II

■ Defendant claims the trial court erred by admitting into evidence over Defendant's objections State's Exhibits No. 3, 7, 12, 17, 19, 31, 32, and 34. State's tendered exhibits 3, 7, and 12 were photographs depicting the scene of the crime and the victim's vehicle. Defendant objected to these exhibits because the victim could not identify certain objects in them. For example, the victim could not identify a man in a photograph of the scene of the crime. All the photographs were identified as depicting the scene and the automobile as they appeared the day of the crime. They were therefore admissible because they were competent and relevant aids by which the jury could orient itself to best understand the evidence submitted to it. *Grimes v. State*, (1983) Ind., 450 N.E.2d 512. There was no showing that the scenes depicted in the photographs had changed from the day of the crime such that they no longer represented the scene as it appeared on that

date. Foreign objects or individuals identified by the witness that were not there on the day of the crime do not render the photographs inadmissible.

State's Exhibit No. 17 was Defendant's comb to which Appellant objected claiming a proper chain of custody was not shown. The victim testified she gave the police a comb Defendant had dropped on the seat of her car. Appellant claims the chain of custody was broken because the comb was left in an unlocked room open to other people. Sgt. Banta, to whom the comb was delivered by the victim, testified he took the comb to his office and left it on his desk. He was gone from his office for a short period of time and when he came back the comb was lying in the same place. He then sent it to the crime lab for examination. Both Sgt. Banta and officers from the crime lab who had handled the comb identified it as being the same one delivered by the victim. There is no break in the chain of custody suggesting substitution or alteration of this item of evidence that would render it inadmissible.

Defendant further objected to the admission of State's Exhibits 31 and 32, respectively a blue shirt and a pair of slacks, claiming there was not sufficient foundation testimony that connected him to the crime. Any fact which legitimately tends to connect a defendant with a crime is admissible when a reasonable inference may be deduced from such evidence. *Jackson v. State*, (1984) Ind., 462 N.E.2d 63. The victim testified the defendant wore a blue shirt and dark colored slacks such as these. Officer Peggy Patton searched the defendant's residence and recovered the shirt and slacks in a closet. The testimony of the victim and Officer Patton was sufficient identification to connect the defendant to these exhibits and to the crime. The trial court therefore properly admitted them into evidence.

Defendant challenges the admission of State's Exhibit 19, a Petri dish containing fibers, and State's Exhibit 34, dog hairs, claiming these exhibits were ir-relevant. These exhibits were put into evidence at the sponsorship of Officer Robert Layton, who testified that during his investigation of this crime at the scene, he examined the victim's vehicle and discovered a handkerchief on the floor of the vehicle. He obtained hair and fibre samples from the handkerchief. Subsequently Officer John Mann examined the contents of the Petri dish and determined that the hair was dog hair. The victim was requested to obtain a sample of her dog's hair, which became exhibit 34. Officer Mann examined the two exhibits and concluded the hairs came from the same animal. We tend to agree that there appears to be little if any relevance to these two exhibits. They apparently were placed into evidence by the State in order to keep the continuity of the investigation by State's witnesses and make a full disclosure of all that was found. While it appears these two exhibits were irrelevant to the issues in this cause, it is just as apparent that their admission created no prejudice to the defendant. Their admission, if error at all, was harmless error and presents no grounds for reversal.

III

Defendant filed a motion *in limine* asking that the State be prohibited from introducing evidence of his criminal convictions to impeach him in the event he testified. This motion was denied and Defendant did not testify. Defendant now claims the court denied him his right to present evidence and denied him due process of law. Generally a denial of a motion *in limine* does not amount to error by the court since it is not a final action that causes prejudice to the defendant. Error, if any, occurs when the challenged evidence is improperly admitted and objection is made at trial. *Bennett v. State*, (1981) Ind., 423 N.E.2d 588. It was Defendant's decision whether or not to testify in his own behalf at trial. He had no right to special consideration if he chose to do so. This Court previously decided this precise issue adverse to Appellant's position in *Robinson v. State*, (1983) Ind., 446 N.E.2d

1287 and *Geisleman v. State*, (1980) 274 Ind. 241, 410 N.E.2d 1293. Accordingly, the trial court did not err in denying Defendant's motion *in limine*.

### IV

■ In its final instructions the trial court gave instruction No. 35 which stated as follows:

"It is not the law of this State that a person assaulted with an intent to commit Rape and Criminal Deviate Conduct upon her is required to resist by all violent means within her power. The law requires only that the case be one in which the victim did not consent. The victim's resistance must not be mere pretense, but in good faith. The law does not require that the victim shall do more than her age, strength, and all attendant circumstances make it reasonable for her to do in order to manifest opposition. The question of resistance is a question of fact for you to determine and find, and not a question this Court can decide."

(Record at 107).

Defendant argues this instruction was improper since resistance by the victim was not an issue in the case. His argument is based on the fact that he admitted he attacked the victim with an intent to rape her but he claimed he did not have a weapon and he neither had the intent to commit sexual deviate conduct nor did he force the victim to engage in such acts. He claims the act of fellatio was done at the request of the victim as opposed to having intercourse so that she would not "mess up her dress." This testimony directly conflicted with the victim's testimony that Defendant forced her to engage in fellatio and sexual intercourse. She testified she submitted to his request in order to prevent him from harming or killing her. She testified as to conversations she had with him in which she flattered him and attempted to gain his sympathy so that he would not harm her. The State properly points out that an element of the crime of rape is that the carnal knowledge of the woman must be had

against her will and consent. In view of these circumstances, it is apparent the trial judge determined the jury should be advised of the definition of consent and resistance by the woman. Some question about the victim's duty to resist the attack may have legitimately arisen in the minds of the jurors. The trial court therefore properly gave this instruction, stating the law on the subject. *Watkins v. State*, (1984) Ind., 460 N.E.2d 514.

■ Defendant also claims this instruction contained citations of authority and it was the only instruction that did so. He claims this difference in form drew particular attention to the instruction causing the jury to give it undue emphasis. There is no showing nor does the defendant claim, however, the trial judge read these citations to the jury or the jurors ever saw the instructions during their deliberations. There is therefore no merit to this contention.

### V

Finally, Defendant claims there was insufficient evidence for the jury to find him guilty of criminal deviate conduct and rape. He argues there was insufficient evidence of the use of a deadly weapon to make the rape a class A felony. He also claims there was insufficient evidence of the element of force to sustain the conviction of criminal deviate conduct.

■ Where the sufficiency of evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather will look to evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Smith v. State*, (1983) Ind., 454 N.E.2d 412. The victim testified she was grabbed from behind, a hand was placed over her mouth so that it was difficult for her to breathe and a knife was placed at her throat. Defendant then tied

the victim's hands behind her which caused her great pain and made it impossible for her to defend herself. He then forced various sexual acts upon her. The victim referred to the knife more than once and stated that when the rape was over Defendant picked up other things, including the knife. These were substantial facts from which the trier of fact could find or infer there was use of a deadly weapon. Further, the victim testified Defendant forced her to engage in fellatio and that she submitted to Defendant's request to prevent him from harming or killing her. This was sufficient evidence from which the jury could infer force was used in the perpetration of criminal deviate conduct. *Johnson v. State*, (1982) Ind., 432 N.E.2d 1358, 1361. Accordingly, Appellant has shown no error on this issue.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.