Allen WALLACE, Appellant,

v.

STATE of Indiana, Appellee.

No. 785S291.

Supreme Court of Indiana.

May 9, 1986.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Allen Wallace was convicted of child molesting, a class C felony, and incest, a class D felony, and was found to be an habitual offender at the conclusion of a jury trial in the Marion County Superior Court. He was sentenced to eight (8) years for child molesting, enhanced by thirty (30) years for the habitual

offender finding, and four (4) years for incest, to be served concurrently, for a total sentence of thirty-eight (38) years. On direct appeal he raises the sole issue of sufficiency of the evidence.

A.W., the victim, testified that Appellant had a routine of early morning and late night beatings of her with a belt while she was nude, followed by perpetration of various sexual acts upon her. At first, out of fear of her father's threats, A.W. told no one, but eventually told her mother.

Where the sufficiency of evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses; rather, we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

Appellant claims first that the victim's testimony was inconsistent. His argument, however, goes not to her consistency, but only to the fact that her testimony contradicted that of another witness. This is merely a case where the jury was faced with two different versions of a story; the jury may believe whomever they choose. *Estep v. State* (1985), Ind., 486 N.E.2d 492, 494. Next, Appellant claims the victim's testimony is inconsistent because she testified he was circumcised, while Lt. John Wesseler testified he was not. This can easily be explained, as Appellant himself concedes, by the conclusion that the victim did not really understand what "circumcised" meant.

Finally, Appellant claims that since he was acquitted of one count of child molesting arising from these same facts, there could not possibly be sufficient facts to support the present convictions for incest and child molesting. It has long been held that this Court will not speculate as to the wisdom, motive, or reasoning of the jury in reaching its verdict. *Crabtree v.*

*State* (1968), 250 Ind. 645, 646–647, 238 N.E.2d 456, 457; *Armstrong v. State* (1967), 248 Ind. 396, 400, 229 N.E.2d 631, 634; *See also Grimm v. State* (1980), 273 Ind. 21, 25, 401 N.E.2d 686, 688–689. We have further held while there may be various reasons for inconsistencies in jury verdicts, such verdicts cannot be upset by speculation or inquiry into such matters. *Wireman v. State* (1982), Ind., 432 N.E.2d 1343, 1351, *reh. denied* (1982), U.S., *cert. denied* (1982), 459 U.S. 992, 103 S.Ct. 350, 74 L.Ed.2d 389. Although all of the charges arose from the same facts, the charge of which he was acquitted was based on deviate sexual conduct, while the charge of which he was convicted alleged sexual intercourse. Simply because the jury might not have found sufficient facts to convict on one charge, and this we do not even know, does not mean they could not find sufficient facts to convict on another charge based on different underlying conduct. *Id.*, 432 N.E.2d at 1350.

Throughout his brief Appellant attempts to explain away the evidence at trial and to paint a picture with evidence and explanations favoring his own story. He concedes that under our standard of review we do not weigh evidence or judge credibility, yet his brief is no more than a thinly veiled attempt to have us do just that. Clearly there is sufficient evidence in this case to sustain the convictions.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.