**Dennis DUBINION, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S244.

Supreme Court of Indiana.

June 16, 1986.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Dennis Dubinion was convicted at the conclusion of a bench trial in the Marion County Superior Court of rape, a class B felony. He was sentenced to twelve (12) years. In the same cause he was found not guilty of confinement. On direct appeal the following issues are raised:

1. whether or not there was sufficient evidence to support the conviction; and

2. whether or not Appellant was properly sentenced.

## I

Where sufficiency of evidence is challenged, we neither weigh the evidence nor determine the credibility of witnesses; rather, we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

The evidence most favorable to the State shows that while D.D. was cleaning a vacant house, Appellant entered the house and spoke to D.D., asking if he could come to her apartment, but she refused his offer. Appellant went across the street for a short period of time, left with his brother, and then returned to the neighborhood about ten minutes later. D.D. testified she was uncertain of the time of day. Appellant returned to the house where D.D. was working and entered the house. He went throughout the house, looking in each room. As D.D. tried to leave the house, Appellant blocked the door, placed his hand inside her pants, began fondling her, and told her he "wanted some." Appellant dragged D.D. into the living room, pulled her pants off, and had sexual intercourse with her. D.D. cried, told Appellant "no," and tried to push him off. After Appellant left, D.D. went home. Her employer came by and called the police. A forensic serologist testified that she obtained vaginal swab samples taken from D.D., which samples tested positive for acid phosphatose and P-30 prostate antigen, indicating that human seminal fluid was present. This body of evidence is sufficient to sustain the court's conviction of Appellant.

Appellant maintains that since the court found him not guilty of confinement, it is inconsistent that it find him guilty of rape, since force is an essential element common to both crimes. We recently stated:

"It has long been held that this Court will not speculate as to the wisdom, motive, or reasoning of the jury in reaching its verdict. *Crabtree v. State* (1968), 250 Ind. 645, 646–647, 238 N.E.2d 456, 457; *Armstrong v. State* (1967), 248 Ind. 396, 400, 229 N.E.2d 631, 634; *See Also Grimm v. State* (1980), 273 Ind. 21, 25, 401 N.E.2d 686, 688–689. We have further held while there may be various reasons for inconsistencies in jury verdicts, such verdicts cannot be upset by speculation or inquiry into such matters. *Wireman v. State* (1982), Ind., 432 N.E.2d 1343, 1351, *reh. denied* (1982), U.S. *cert. denied* (1982), 459 U.S. 992, 103 S.Ct. 350, 75 L.Ed.2d 389."

*Wallace v. State* (1986), Ind., 492 N.E.2d 24. The same standard applies where the court is the trier of fact, and disposes of Appellant's present argument.

## II

Appellant also contends the trial court erred in imposing an increased sentence without properly explaining the aggravating circumstances in support thereof. Appellant maintains the trial court merely listed the statutory factors in Ind. Code § 35–38–1–7 relied upon to enhance the sentence and did not show a relation of the facts to the sentence imposed and the objectives served by the sentence.

We will not revise a sentence authorized by statute unless such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. Here, Appellant was convicted of rape, a class B felony, and was sentenced to twelve (12) years, two (2) years over the presumptive ten (10) year sentence. The court explained its reasons for aggravating the sentence thus: "[Y]our prior conviction for armed robbery and a Firearms Act in '72 and '76 and your other acts of anti-social behavior of resisting, assault and batteries, that have occurred through your life." This is not, as Appel-

lant would have us believe, a mere listing of statutory factors. The court used the statutory factor subsection (b)(2), but related the facts of Appellant's criminal history to the sentence imposed. This fulfilled the duty of the court to inform us, the reviewing court, of its reasons supporting the enhanced sentence.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.