David **HARRISON**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 1184S447.

Supreme Court of Indiana.

Aug. 6, 1986.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant David Harrison was convicted at the conclusion of a jury trial in the Marion County Superior Court of theft, a class D felony, and of being an habitual offender. He was sentenced to two (2) years for theft, enhanced by thirty (30) years due to the habitual offender finding. On direct appeal he raises the following issues:

1. sufficiency of the evidence;
2. jury instructions;
3. admission of State's Exhibit No. 1;
4. assistance of counsel; and
5. the habitual offender procedure.

On April 26, 1983, Cynthia Collins heard glass breaking, and observed Appellant entering an adjacent residence through a window. Collins watched Appellant enter and leave the residence while he carried various items to his apartment building. Police Officers Severeid and Jorman responded to the related police dispatch, but entered the wrong apartment building. There, they noticed a partially open door, knocked and announced their presence, and entered the apartment. The officers observed Appellant, Reggie Blanton, and Peter Strickland.

They also noted a camera, jewelry boxes, leather coats, and kitchen utensils. The three denied any involvement in a burglary. Jorman returned to her vehicle and received the correct address of the adjacent building which had been burglarized. She proceeded there, where the victim informed her of what was missing. Jorman radioed this information to Severeid, who noticed the description of the stolen items matched the items in Appellant's apartment. Appellant was arrested and the victim identified the property as belonging to him. Strickland and Blanton meanwhile left Appellant's apartment, but later were discovered in possession of the victim's camera. Blanton advised the police that Appellant had broken into the victim's home and had encouraged Blanton to participate. Blanton further told the police that the coats, jewelry boxes, and camera were not in Appellant's apartment earlier that day, and that Appellant had given him the camera and told him to sell it.

## I

■ Appellant first attacks the sufficiency of evidence for his conviction for theft. He maintains that because he was acquitted of the burglary charge arising from the same set of facts, the jury "clearly" did not believe the witnesses, and therefore should have acquitted him of theft also.

In *Wallace v. State* (1986), Ind., 492 N.E.2d 24, we stated:

"It has long been held that this Court will not speculate as to the wisdom, motive, or reasoning of the jury in reaching its verdict. *Crabtree v. State* (1968), 250 Ind. 645, 646–647, 238 N.E.2d 456, 457; *Armstrong v. State* (1967), 248 Ind. 396, 400, 229 N.E.2d 631, 634; *See also Grimm v. State* (1980), 273 Ind. 21, 25, 401 N.E.2d 686, 688–689. We have further held while there may be various reasons for inconsistencies in jury verdicts, such verdicts cannot be upset by speculation or inquiry into such matters. *Wireman v. State* (1982), Ind., 432 N.E.2d 1343, 1351, *reh. denied* (1982),

U.S. *cert. denied* (1982), 459 U.S. 992, 103 S.Ct. 350, 75 L.Ed.2d 389."

The evidence related above clearly is sufficient to sustain the jury's verdict for theft.

■ Appellant further claims insufficiency of evidence in the habitual offender finding. The following evidence of two prior felony convictions was offered to establish that Appellant was an habitual offender: 1) Appellant's fingerprint records, photographs, reasons for arrests, and other sundry information relating to convictions for violation of the 1935 Narcotic Act (1971), and for theft (1980); 2) the charging informations for said convictions; 3) order book entries for each conviction; and 4) commitment orders for each conviction. Furthermore, State's Witness Roadruck analyzed Appellant's fingerprints, taken subsequent to his arrest on the present charges, and concluded they were the fingerprints of the same David Harrison previously convicted for violation of the 1935 Narcotics Act and for theft. This evidence is sufficient to sustain the jury's finding that Appellant is an habitual offender. *Russell v. State* (1986), Ind., 489 N.E.2d 955, 957.

## II

Appellant next alleges the trial court erred in refusing his Tendered Instructions Nos. 1, 4, 7, and 10.

■ Tendered Instruction No. 1 sought to advise the jury that the testimony of an informant should be weighed with greater care than that of any other witness. We have approved of the rejection of similar instructions. *Tevis v. State* (1985), Ind., 480 N.E.2d 214, 214–215; *Drollinger v. State* (1980), 274 Ind. 5, 5–6, 408 N.E.2d 1228, 1241. As in *Tevis* and *Drollinger*, the present trial court did instruct the jury that they were the judges of the credibility of the witnesses, and how to do so, including taking into consideration any interest a witness may have in the result of the trial, or any reason a witness may have to testify falsely. The trial court's actions were proper; to have done otherwise would have constituted an improper invasion of the province of the jury by commenting on the

weight to be given the testimony of a particular witness. *Id.*

■ Tendered Instruction No. 4 stated that if either party had the power to produce a material witness, failure to call that witness could have given rise to an inference that the witness' testimony would be unfavorable to that party. The instruction further stated that the defendant never has the burden or duty of calling any witness or producing evidence. Appellant's brief is totally lacking in evidence to support the giving of this instruction. He does not identify any witness the State failed to call. It is not error to refuse an instruction where the record does not contain evidence in support of the instruction. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 52.

■ Tendered Instruction No. 7 sought to inform the jury that presence at the scene of the crime and knowledge that a crime is being committed, are not sufficient to establish guilt. This instruction is a correct statement of the law inasmuch as it refers to *mere* presence. However, the evidence set forth above does not constitute mere presence; rather, it shows presence inside the victim's apartment, entry through a broken window, and exclusive possession of the stolen goods immediately after the theft. The evidence in the present case did not support the giving of Tendered Instruction No. 7; thus, we find no error. *Id.*

■ Finally, Tendered Instruction No. 10 defined the term "knowingly." However, the trial court, in Final Instructions Nos. 26c and 30, defines the term "knowingly" in clear and understandable terms. It is not error to refuse an instruction where the substance of that instruction is covered by another instruction. *Id.*

### III

■ Appellant maintains the trial court erred in admitting State's Exhibit No. 1. At a previous trial, it had been determined that Appellant's 1966 felony conviction had been vacated. State's Exhibit No. 1 listed this conviction, in addition to setting forth information regarding Appellant's 1971 narcotics conviction. When the exhibit was initially offered, Appellant moved for a mistrial. The trial court denied the motion because the jury had not seen the exhibit and because the exhibit had not been admitted into evidence. Subsequently, reference to the vacated conviction was covered by a piece of tape, and the exhibit was reintroduced. The court then allowed its admission. Appellant argues the admission of Exhibit No. 1 apprised the jury of his vacated conviction, allowing them to find him an habitual criminal on the basis of the vacated conviction. A thorough reading of the record reveals that when the jury viewed the exhibit, any prejudicial material was covered by a piece of tape. At the only time the tape was not in place, the exhibit was out of the jury's view. We fail to see how Appellant was prejudiced.

### IV

■ For related reasons, Appellant contends he was denied effective assistance of counsel. When Exhibit No. 1 was offered with the tape over the prejudicial material, Defense Counsel attempted to question the witness concerning the conviction. The trial court immediately excused the jury and admonished Defense Counsel outside their presence. No direct reference to the conviction was elicited from the witness, and the jury never saw the prejudicial portion of the police record.

Under our standard of review for alleged ineffective assistance of counsel, Appellant must show that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. There is a strong presumption that counsel rendered adequate legal assistance. He must show also that counsel's errors had an adverse effect upon the judgment. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied* (1985), *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89

L.Ed.2d 349; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.*

Although the trial court warned Defense Counsel that his conduct came "very close to unethical conduct," we cannot find that those events require reversal under the standard set out above. First, the record reveals Defense Counsel's explanations for his actions. While this does not excuse his conduct, it is illustrative that what occurred was an isolated instance of poor strategy, or bad tactics, which, even if shown, does not necessarily amount to ineffective assistance of counsel. *Taylor v. State* (1985), Ind., 480 N.E.2d 924, 926. Furthermore, we fail to see the prejudice to Appellant. Upon Defense Counsel's attempt to question the witness concerning the vacated conviction, the trial court immediately excused the jury. The reference to the conviction on the police record was covered by a piece of tape. The record does not reveal that the jury was in any manner apprised of the vacated conviction. Although poor strategy, Defense Counsel's actions do not require reversal.

## V

Finally, Appellant contends the State was collaterally estopped from pursuing the habitual offender proceeding because one of the prior felonies alleged had been alleged in an earlier habitual offender proceeding at which Appellant was acquitted.

We addressed this same issue in *Dixon v. State* (1982), Ind., 437 N.E.2d 1318, 1320. We there held:

> "[E]ven though the underlying felonies used in the present case to enhance defendant's sentence had been used in a prior habitual charge, of which defendant was acquitted, double jeopardy does not bar the present habitual criminal finding since the habitual charge is not a prosecution, but rather, a sentence enhancement for the ... conviction in the case at bar."

*Citing Harris v. State* (1981), Ind., 427 N.E.2d 658, and *Baker v. State* (1981), Ind.,

425 N.E.2d 98. The same applies here and disposes of the issue adverse to Appellant.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.