Phillip Randall **ROLAND**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 484S122.

Supreme Court of Indiana.

Dec. 15, 1986.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Phillip Randall Roland was convicted of rape, a class B felony, at the conclusion of a jury trial in the Madison Circuit Court. He was further adjudged to be an habitual offender. He was sentenced to eighteen and one-half (18½) years, enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised on direct appeal:

1. sufficiency of the evidence;

2. admission of various testimony and the form of cross-examination;

3. jury instructions;

4. admission of State's exhibits; and

5. sentencing.

I

Appellant maintains his conviction was based on insufficient evidence. In support, he argues that the victim's testimony is, among other things, "inherently improbable and implausible," and "patently absurd." He argues that the sexual intercourse occurred consensually.

Where the record clearly shows the evidence was so incredible as to be beyond belief, or where there was no probative evidence from which the jury could have found the defendant guilty beyond a reasonable doubt, we will reverse a jury verdict due to insufficient evidence. *Hodge v. State* (1982), Ind., 442 N.E.2d 1006, 1009. On the other hand, where there is substantial evidence of probative value from which the jury could have found beyond a reasonable doubt that the defendant committed

the offense, we will not disturb the verdict. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Furthermore, when reviewing such issues, we do not reweigh the evidence or judge the witnesses' credibility; rather, we look to the evidence most favorable to the State, along with all reasonable inferences therefrom. *Id. Lisenby v. State* (1986), Ind., 493 N.E.2d 780, 782. Finally, in rape cases, we often have held that a conviction may be sustained solely on the testimony of the victim. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063, 1066; *Johnson v. State* (1982), Ind., 432 N.E.2d 1358, 1361. The issue of consent is one for the jury, as it deals with an issue of fact.

In the present case, the evidence was conflicting. However, it is the duty of the jury to resolve that conflict, and once they do, our task is limited to assuring there is sufficient evidence to support their verdict. On June 21, 1983, the victim moved out of the apartment she had shared with Appellant. She stated that she feared for her own life and the lives of her two children, and that she wanted to live separately from Appellant. At approximately 11:00 p.m. that evening, Appellant arrived at the victim's new apartment, and forced his way in. He yelled at the victim for leaving him, threatened to rape her, and passed out from the effects of drugs and alcohol he had consumed. The victim then went to the police station, where the officer explained to her that no felony warrant could be issued at that time, and that because this was a domestic situation, the investigating officer might not be authorized to arrest Appellant. He further explained that even an arrest could result in Appellant's immediate release. The officer and the victim, both knowing Appellant and fearing he might return, even more violent, if arrested, decided since he had passed out, it might be best to leave him alone until morning, when a felony charge could be filed. The victim declined to go to a shelter that night because her children needed clothes and bottles which were at the apartment. The victim drove around with her children and sat in the park, and eventually returned to the apartment at about 4:00 a.m. At about 7:00 a.m., while she was getting ready for work, Appellant confronted the victim and forced her to have sexual intercourse. This evidence is sufficient to support Appellant's conviction. His argument seeks only to have us reweigh the evidence, which we will not do.

## II

Appellant contends the trial court erred in permitting the juvenile record of his witness Jerry Carter to be used for impeachment. Carter, the seventeen (17) year old nephew of Appellant, briefly testified that he helped Appellant move the victim's belongings into her new apartment. He further testified that the victim told Appellant he could not see her children again. He testified that the victim told Appellant "it would be all right for him to come over to her apartment and stay there." On cross-examination, Carter was asked if he had been convicted of burglary, to which he eventually answered in the negative. He was then asked if he had been adjudicated a delinquent due to the theft of electronic equipment from a store, to which he answered, "Yes."

We have held that juvenile adjudications may not be used for impeachment purposes because they are not the equivalent of a criminal conviction. *Pallett v. State* (1978), 269 Ind. 396, 401, 381 N.E.2d 452, 456, *reh. denied* (1978). However, not every error committed at trial requires a reversal of the conviction; there must be some showing of prejudice to Appellant. *Harrison v. State* (1986), Ind., 496 N.E.2d 49, 52. Appellant alleges this error denied him a fair trial, yet makes no showing of why this is so. Carter's testimony was brief, and, to a great extent, merely cumulative of other testimony. Furthermore, it had little, if any, bearing on the events of the morning of June 22, 1983. Although it was error to allow reference to Carter's juvenile adjudication based on theft, we fail to find it so prejudicial to Appellant that it requires reversal.

Appellant further contends the trial court erred in allowing the following reference to his kidnapping his son during the testimony of State's Witness Karen Frank:

"Q. How frequently did you babysit for [the victim]?

A. Uh, two nights.

Q. What two nights were they?

A. Uh, the Sunday night that her child was kidnapped."

Appellant immediately objected and moved for mistrial. The objection was sustained and the jury admonished to disregard the comment, but the motion for mistrial was denied. No reference was made at this point that it was Appellant who had kidnapped the child. Later, the victim and Officer Gaertner were properly allowed to testify as to a telephone conversation wherein Appellant threatened to kill the victim, and used possession of his child as leverage to convince the victim to drop the rape charge. In light of the admonition to the jury and the subsequent proper admission of similar evidence, we find no error.

Officer Wasilewski testified regarding eventually finding Appellant after he had taken the victim's child:

"A. He was under her bed in a bedroom.

Q. What happened?

A. Officer Gaertner spotted him, ordered him out, he refused to come out. Officer Guthrie was at the back of the house and at that time I asked him to come in because the subject has a history of being violent with the police."

Appellant immediately objected, and the trial court sustained the objection and admonished the jury. The witness completed his testimony, and two other witnesses testified, after which Appellant moved for a mistrial based on the testimony above. The motion was denied. This brief statement by the police officer did not place Appellant in the grave peril required for a mistrial. *Wallace v. State* (1983), Ind., 453 N.E.2d 245, 247, *reh. denied* (1983). Furthermore, the admonition, which was the only remedy Appellant sought at the time of the objection, is presumed to have cured any prejudice that might have resulted from the testimony. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 921.

Appellant alleges trial court error in allowing testimony regarding a fight in a tavern on the night of the rape, June 21, 1983. Appellant's version of what occurred that night is that he was drinking and had taken speed; he had been to various locations; he arrived at the victim's apartment, bumping the door with his shoulder and tapping on the door as he identified himself; the victim invited him in; he talked to her and played with his son; he shaved, showered and lay on the bed; the victim took off her clothes, joined him, and engaged in oral foreplay until she aroused him, and engaged in sexual intercourse with him. This differs vastly from the victim's version, related in section I of this opinion. Both versions purported to explain what happened the evening of June 21, 1983, the hours preceding the rape. The testimony at issue here further attempted to clear up the discrepancies between the two versions. *Clemons v. State* (1981), Ind., 424 N.E.2d 113, 117.

During direct examination of the victim, the following dialogue took place:

"Q: [I]n those last three exhibits [Appellant] states that he loved [his son]. Do you believe he loved [his son]?

A. No, I don't. He sexually molested [his son]."

Appellant objected and sought a mistrial, which was denied. After lengthy discussion with counsel, the trial court sustained the objection and admonished the jury thus:

"The witness ... improperly volunteered a statement that was not responsive to Mr. McNabney's last question. You are directed to disregard the remark and the remark is ordered stricken from the record."

The jury was instructed at the close of the evidence not to consider any evidence to which an objection had been sustained.

The witness' remark here appears not to have been anticipated or elicited by the State. The trial court promptly explained to the jury that the response was improper and should not be considered. At the time of final instructions, the jury was so advised once again. We cannot say that in light of the admonition and instruction, this testimony had a significant impact on the jury. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1100.

Finally, Appellant alleges he was denied a fair trial due to improper cross examination of him by the State. He maintains this issue was raised in paragraph 7 of his Motion to Correct Errors.

 In order to preserve an argument on appeal, a defendant must raise that argument with specificity in his motion to correct errors. *Prine v. State* (1983), Ind., 457 N.E.2d 217, 219. Where the defendant presents a different argument on appeal than was raised in his motion to correct errors, the issue is waived. *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1070. Appellant's Motion to Correct Errors alleged the trial court erred in allowing the State, "to badger the Defendant on cross-examination about the Defendant's taking ... the son of the Defendant and the Complaining Witness, on June 26 and 27, 1983." Here, Appellant has attempted to broaden this argument to include a multitude of misconduct on the part of the deputy prosecutor. To the extent that Appellant's argument on appeal extends beyond cross examination concerning the alleged kidnapping, this issue is waived. *Id.* Appellant acknowledges that this argument was not properly preserved for appeal, yet urges us to address it as fundamental error. Fundamental error is that which, if not corrected, would deny a defendant fundamental due process. Only when the record clearly reveals blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will we review an issue not properly raised and preserved. *Shoulders v. State* (1985), Ind., 480 N.E.2d 211, 213.

The errors alleged by Appellant do not rise to this level.

 In regard to the sole error properly preserved, badgering Appellant about taking his son, Appellant cites two places in the record to support his argument. Neither citation to the record has anything to do with this issue. At the first citation, the victim was testifying, and at the second, Appellant was being asked where he lived prior to his arrest. A complete review of cross examination of Appellant reveals only two brief references to Appellant taking his son. Neither of these references illustrate any misbehavior on the part of the State. We find no error.

### III

Appellant contends the trial court erred in refusing his Tendered Instructions Nos. 1 and 2. Tendered Instruction No. 1 stated:

"A lesser included offense of the crime charged is Battery. Battery is defined in IC 35–42–2–1 it states: A person who knowingly or intentionally touches another person in a rude, insolent or angry manner commits battery."

Tendered Instruction No. 2 stated:

"Where the defendant contends that the complaining witness consented, the State must prove beyond a reasonable doubt that consent was not given."

 The test for determining whether it was error to refuse an instruction on a lesser included offense is two-fold: 1) did the language of the statute and the charging document necessarily include the lesser offense in the greater; and 2) was evidence introduced at trial to which the included offense instruction was applicable. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 294. Furthermore, the evidence must be subject to interpretation not only that the lesser offense was committed, but also that the greater offense was not. *Id.; Tawney v. State* (1982), Ind., 439 N.E.2d 582, 587, *reh. denied* (1982). Appellant did not dispute that sexual intercourse occurred; rather, his defense was that the victim consented. Both parties' accounts

of the facts have been set forth above. Neither account suggests that a battery without rape occurred. The evidence in this case did not support an instruction on battery.

It is not error to refuse an instruction where the substance is covered by other instructions. *Harrison v. State* (1986), Ind., 496 N.E.2d 49, 52. On review, we are bound to consider the instructions as a whole. *Cobb v. State* (1980), 274 Ind. 342, 366, 412 N.E.2d 728, 742, *reh. denied* (1981). Here, the jury was instructed that: 1) to prevail, the State is required to prove *beyond a reasonable doubt* each material allegation set forth in the information; 2) Appellant is presumed innocent until evidence proves him guilty beyond a reasonable doubt; 3) rape occurs when a person knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person *is compelled by force or imminent threat of force;* and 4) the victim's history of sexual relations with Appellant is relevant to determine *whether she consented* to sexual intercourse on the alleged date of the crime. These instructions, when read together, cover the substance of Appellant's Tendered Instruction No. 2.

### IV

Appellant next maintains the trial court erred in allowing the jury to take State's Exhibits Nos. 5, 6, and 7 into the jury room during deliberations. During deliberations, the jury asked for pictures of the victim in the hospital. The trial court suggested sending Exhibits Nos. 5, 6, and 7, to which the State agreed, but Appellant objected because it would place undue emphasis on the exhibits. The exhibits were three different views of bruises on the victim's arms, alleged to have occurred during the rape. In one photograph, the victim's hand is covered by a heavy, opaque, sticker on the front and back of the photograph. This sticker was to cover a pamphlet the victim had been holding. The pamphlet was on the subject of rape victims.

In *Thomas v. State* (1973), 259 Ind. 537, 539–540, 289 N.E.2d 508, 509–510, *reh. denied* (1973), we held that a trial court may, in its discretion, permit the jury to take an exhibit into the jury room during deliberations, considering: 1) whether the exhibit will aid the jury in proper consideration of the case; 2) whether either party will be prejudiced; and 3) whether the exhibit may be subjected to improper use by the jury. Here, the exhibit could clearly aid the jury on determining the issue of force versus consent. The exhibit, in itself, was not prejudicial. The pamphlet referring to rape victims was covered so completely, it was impossible to see what was under the sticker. Appellant alleges that the exhibits showed the victim "making a studied effort to appear pitiful and helpless," encouraging the jury "to discount the verbal testimony and instead to rely on this overly emotional and staged photographic display." There does not appear to be support for this characterization of the exhibits. Likewise, Appellant's contention that the jury, "could easily" have tampered with the sticker and "was undoubtedly curious" presents no issue. There is absolutely no evidence that the exhibit was tampered with. The trial court did not abuse its discretion in allowing the jury to take the exhibits into the jury room.

### V

Finally, Appellant claims the trial court erred by not sufficiently articulating its reasons for imposing an enhanced sentence. Appellant was convicted of class B rape, carrying a presumptive sentence of ten (10) years. The trial court sentenced him to eighteen and one-half (18½) years for the rape. As aggravating circumstances, the trial court found: 1) Appellant's long history of criminal activities; 2) that a reduced sentence would depreciate the seriousness of the crime; 3) that this was a particularly serious offense involving young children; and 4) that the aggravating circumstances greatly outweigh the mitigating circumstances.

We find the statement of reasons by the trial court is sufficient to support the imposition of the sentence. *Spinks v. State* (1982), Ind., 437 N.E.2d 963, 967–968. Though the reasons are not as detailed as they might be, they sufficiently refer to findings regarding the character of this Appellant and the nature of the offense which is amply supported by the evidence. The evidence illustrated Appellant's prior criminal activities and a number of prior convictions, further illustrated by the fact that he was found to be an habitual criminal. The violent acts of Appellant here were perpetrated in the home where the children were present and they became physically involved in the confrontation. This was a legitimate area of consideration by the trial court in making his decision. The sentence imposed is within the bounds authorized by statute and is not manifestly unreasonable in light of the nature of the offense and the character of the offender. We therefore find the trial court did not abuse its discretion in this area. *Bish v. State* (1981), Ind., 421 N.E.2d 608, 620, *reh. denied* (1981).

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.