## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Kurt A. Young
Nashville, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Woodson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 9, 2015<br><br>Court of Appeals Cause No.<br>49A04-1410-CR-475<br><br>Appeal from the Marion Superior Court<br>Cause No. 49F18-1204-FD-24015<br><br>The Honorable David Hooper,<br>Judge Pro-Tem |

**Barnes, Judge.**

# Case Summary

[1] Joshua Woodson appeals his conviction for Class D felony operating a vehicle while suspended as an habitual traffic violator. We affirm.

# Issue

[2] Woodson raises one issue, which we restate as whether the trial court properly denied his motion for a mistrial.

# Facts

[3] Woodson was an habitual traffic violator, and he was aware that his driving privileges were suspended. On April 11, 2012, Officer Marc Klonne of the Indianapolis Metropolitan Police Department saw a vehicle at a gas station, ran the license plate, and discovered that the owner, Woodson, was an habitual traffic violator. Officer Klonne then saw Woodson get in the vehicle and begin to pull forward. Officer Klonne stopped Woodson and arrested him.

[4] The State charged Woodson with Class D felony operating a vehicle while suspended as an habitual traffic violator. During Officer Klonne's deposition, he testified that Woodson's vehicle did not move. At Woodson's jury trial, Officer Klonne testified that Woodson's vehicle pulled forward a couple of feet. The State questioned Officer Klonne about the discrepancy between his trial testimony and his deposition testimony. Officer Klonne acknowledged the discrepancy, stated that before the deposition he had very briefly reviewed the probable cause affidavit, and stated that before his trial testimony he had reviewed the report at length. Officer Klonne testified that his trial testimony

was "based off the probable cause statement." Tr. p. 56. Woodson objected to the officer's testimony, and the trial court stated: "Ladies and gentlemen I'm going to strike . . . ask you not to consider what he's basing anything on, um, he has talked about what he reviewed, but he is not to testify as to what's in any documents. I will let him give what his testimony is today." Tr. p. 56. After a discussion between the trial court and the parties, the trial court also said, "All right, again, I've given the jury instruction to disregard the officer's statement about anything in a report or probable cause." *Id.* at 57.

[5] At some point during the trial, the parties and the trial court had an off-the-record discussion, and Woodson requested a mistrial. The trial court later allowed Woodson to make a record of the request. Woodson argued that "the officer testified that his testimony today was based on his PC which is basically saying what his PC said. Um, that's obviously not under the rules of evidence, not admissible. Um, we think that that is . . . it calls for a mistrial and that the, the instruction not to consider it is not sufficient to correct the prejudice." *Id.* at 80. The trial court denied Woodson's mistrial request, and the jury found him guilty as charged. Woodson now appeals.

## Analysis

[6] Woodson argues that the trial court erred by denying his mistrial request. A trial court is in the best position to evaluate whether a mistrial is warranted because it can assess first-hand all relevant facts and circumstances and their impact on the jury. *Ramirez v. State*, 7 N.E.3d 933, 935 (Ind. 2014). We

therefore review denial of a motion for mistrial only for abuse of discretion. *Id.* Reversal is required only if the defendant demonstrates that he was so prejudiced that he was placed in a position of grave peril. *Inman v. State*, 4 N.E.3d 190, 198 (Ind. 2014). "The gravity of the peril turns on the probable persuasive effect of the misconduct on the jury's decision, not on the degree of impropriety of the conduct." *Id.*

[7] Relying on Indiana Evidence Rule 803(8) and *Tate v. State*, 835 N.E.2d 499, 508 (Ind. Ct. App. 2005), *trans. denied*, Woodson argues that the probable cause affidavit was inadmissible. Woodson contends that, even though the probable cause affidavit was not admitted into evidence at his trial, "its contents were placed before the jury." Appellant's Br. p. 7. According to Woodson, the trial court's admonishment regarding Officer Klonne's testimony was insufficient to cure any prejudice. Woodson argues that "[t]he probable impact of Klonne vouchsafing his own testimony by referring to his police report cannot be understated." *Id.*

[8] The State points out that the probable cause affidavit was not admitted at trial and that, pursuant to Indiana Evidence Rule 612, witnesses are entitled to use documents to refresh their memory. Further, the trial court admonished the jury to disregard the reference to the document, and such admonishments are presumed to cure any error. *See Johnson v. State*, 901 N.E.2d 1168, 1173 (Ind. Ct. App. 2009) ("[W]here the trial court adequately admonishes the jury, such admonishment is presumed to cure any error that may have occurred."). We agree with the State. We further note that Woodson has failed to demonstrate

that he was so prejudiced by Officer Klonne's brief reference to the probable cause affidavit that he was placed in a position of grave peril. The jury was aware of Officer Klonne's earlier testimony and the difference in his trial testimony and was entitled to judge his credibility. *See, e.g., Roland v. State*, 501 N.E.2d 1034, 1038 (Ind. 1986) (holding that a "brief statement by the police officer did not place Appellant in the grave peril required for a mistrial"). Woodson failed to demonstrate that Officer Klonne's mention of the probable cause affidavit had a probable persuasive effect on the jury's decision. The trial court properly denied Woodson's motion for a mistrial.

## Conclusion

[9] The trial court properly denied Woodson's motion for a mistrial. We affirm.

[10] Affirmed.

Riley, J., and Bailey, J., concur.