**Clyde E. ESTEP, Sr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185 S 18.**

Supreme Court of Indiana.

Dec. 17, 1985.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Clyde E. Estep, Sr., was convicted in the Huntington County Circuit Court of burglary and of being an habitual offender at the conclusion of a jury trial on January 19, 1978. On February 17, 1978, Appellant was sentenced to a total of thirty-five (35) years. This Court affirmed his conviction on direct appeal. *Estep v. State* (1979), 271 Ind. 525, 394 N.E.2d 111. Appellant filed a Motion for Post-Conviction Relief which was denied. His direct appeal of this denial raises the following issues:

1. whether the trial court erred in allowing Appellant to be charged when he allegedly was not properly named in the information;

2. whether certain testimony was perjured and entitled Appellant to a vacation of his conviction and sentence; and

3. whether the Prosecutor's closing argument was improper and so prejudicial as to warrant vacating Appellant's conviction.

We note first that in a proceeding for post-conviction relief the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C.R. 1, § 5. In reviewing a denial of post-conviction we will not set aside the trial court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295.

I

Appellant contends the trial court erred in allowing him to be charged when he allegedly was not properly named in the information. The State filed informations

for burglary and habitual offender implicating Clyde E. Estep. Despite Appellant's assertions to the contrary, neither information uses the abbreviation "Jr." or "Sr." after the name. Appellant is actually Clyde E. Estep, Sr. During the trial Clyde Estep, Jr., was fifteen (15) months old.

At the time the informations were filed, the statutes governing such stated in part:

"Form of Charge—(a) The indictment or information shall be in writing and allege the commission of a crime by:

\* \* \* \* \* \*

(6) Stating the name of every defendant, if known, and if not known, by designating the defendant by any name or description by which he can be identified with reasonable certainty."

Ind.Code § 35–3.1–1–2 (Burns 1975) [amended and recodified as Ind.Code § 35–34–1–2(a)(9) (Burns 1985)]. Appellant's only argument is that the governing statute requires the information to state his name, which it does not do.

 It has long been held that the addition of the word "Senior" or "Junior" to the name of a person referred to in a charging instrument is a "mere matter of description, constituting no part of the name, and need not be proved." *Geraghty v. State* (1887), 110 Ind. 103, 104–105, 11 N.E. 1, 2, *citing Allen v. State* (1876), 52 Ind. 486, 488. Appellant urges us to overrule *Geraghty* and its progeny in light of Ind.Code § 35–3.1–1–2. It is not clear why the statute would require overturning Geraghty; rather, it appears the two complement each other and both should stand.

## II

 Appellant next contends that allegedly perjured testimony from State's witness Harvey entitles him to a vacation of his conviction. Appellant's entire argument here consists of listing numerous instances where Harvey's trial testimony conflicted with Appellant's own testimony at the post-conviction hearing, coupled with an assertion that Harvey's testimony was false. Appellant offers no evidence to prove his allegation of perjury. As such, Appellant's argument amounts to no more than an invitation for us to reweigh the evidence and judge the credibility of the witnesses. This we will not do. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Judging the credibility of witnesses in a post-conviction relief hearing is solely within the province of the trier of fact, the judge, and will not be set aside unless it is wholly without conflict and leads unerringly to a result not reached by the trial court. *Lash v. State* (1982), Ind., 433 N.E.2d 764, 765. Here, the trial judge chose to accept Harvey's testimony, and evidence supports this choice.

## III

Appellant maintains the Prosecuting Attorney committed misconduct during closing argument which prejudiced his defense so that his conviction should be vacated. Appellant's concern lies with comments regarding the veracity of certain witnesses and the safety of allowing certain people to possess guns.

Our standard to determine whether prosecutorial misconduct has occurred is whether the conduct under all circumstances placed Appellant in a position of grave peril to which he should not have been subjected, measured by the probable persuasive effect of the misconduct on the jury's decision and whether there were repeated instances of misconduct which would evidence a deliberate attempt to improperly prejudice Appellant. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1102–1103, *cert. denied* (1985), —— U.S. ——, 106 S.Ct. 106, 88 L.Ed.2d 86. Furthermore, the scope and content of closing statements is within the discretion of the trial court and the trial court's decision will not be reversed absent some clear abuse of discretion resulting in prejudice to Appellant. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1307.

 Upon reading the entire closing statement we can find no statement by the Prosecutor which rises to the level of misconduct under our standard. In addition,

when the Prosecutor made his closing argument Appellant lodged no objection. The first time this issue was raised was in Appellant's Motion for Post-Conviction Relief; he has thus waived any error. *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 910, *reh. denied* (1985).

The trial court is in all respects affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.