Larry B. LISENBY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1085S409.

Supreme Court of Indiana.

June 10, 1986.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Larry B. Lisenby was convicted at the conclusion of a jury trial in the Marion Superior Court of murder. He was sentenced to thirty (30) years. On direct appeal he raises the following issues for our consideration:

1. alleged entitlement to release pursuant to Ind.R.Crim.P. (4)(A);
2. alleged error in allowing the State to amend the information;
3. sufficiency of the evidence; and
4. effectiveness of trial counsel.

On September 1, 1984, Carmen and George McKinstry were married but separated. On that date, Carmen was leaving their house in the company of her boyfriend, Billy Williams, when suddenly George McKinstry, accompanied by Appellant, ran out from behind some bushes. Carmen saw George McKinstry beat Williams with a wooden club and Appellant stab him with a knife. Carmen ran to a neighbor's home for help, and when she came back, McKinstry and Appellant had fled. Williams was taken to a hospital where he subsequently died on September 17, 1984. Appellant testified he was with McKinstry that day, but that he did not take part in the assault on Williams. He said McKinstry had the wooden club and the knife and that McKinstry had beaten and stabbed Williams. McKinstry testified that when he arrived on the scene, Williams attacked him. He said that he wrestled with Williams, slammed Williams' head on the pavement, and then went back to the car. McKinstry said that Appellant then beat and stabbed Williams. McKinstry entered a plea of guilty and testified pursuant to a plea agreement with the State. Forensic Pathologist Hawley testified that Williams sustained stabbing and blunt force injuries, but the cause of death was multiple stab wounds to the chest.

I

Appellant claims the trial court erred in refusing to release him pursuant to Ind.R.Crim.P. (4)(A), which provides that no defendant shall be detained in jail on a charge without a trial for a period in excess of six months unless there was not suffi-

cient time to try him during such period because of congestion of the court calendar, or where the defendant himself caused delays. The rule further provides that in the event defendant is not brought to trial during that period, he is to be released on his own recognizance.

Appellant actually was tried on June 10, 1985, approximately eight months after his arrest. This issue is therefore moot. Appellant apparently misinterprets this rule. Rule (4)(C) provides that where the defendant is not brought to trial within one year under the same circumstances, he then is entitled to discharge. That provision of the rule does not apply here, since Appellant was tried in less than a year. Furthermore, the record shows that delays were occasioned by Appellant filing a notice of alibi defense and by a congested court calendar. *See generally, Dudley v. State* (1985), Ind., 480 N.E.2d 881, 890.

## II

■ Appellant contends the court erred in allowing the State to amend the information by oral motion on the morning of trial. Appellant and George McKinstry were jointly charged in the information. After McKinstry entered a plea of guilty on April 30, 1985, the State moved to amend the information by striking all references to McKinstry in the information.

Ind.Code § 35–34–1–5 states, in part:

"An ... information ... may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including: ... (2) any misjoinder of parties defendant or offenses charged; (3) the presence of any unnecessary repugnant allegation; ... (5) the use of alternative ... allegations as to the acts ... charged ... or (9) any other defect which does not prejudice the substantial rights of the defendant ... Upon motion of the prosecuting attorney, the court may, at any time ... permit an amendment to the ... information in respect to any defect, imperfection or omission in form which does not prejudice the substantial rights of the defendant."

Striking all references to McKinstry as co-defendant certainly was proper pursuant to this statute. We see no merit to Appellant's contention that he was prejudiced thereby. His contention is that the information charged McKinstry with striking the victim with a club and the withdrawal of the reference to the club in the information frustrated his defense. The fact that the club was not referred to in the information did not prevent the defense from bringing any evidence as to their version of the crime, including their allegation that a club was used by McKinstry. In fact, that evidence did come forth during the trial. If counsel felt the amendment disrupted his defense strategy to the extent he required a continuance, he could have moved for one. Ind.Code § 35–34–1–5(d) (Burns 1985). He did not do so. No error is presented on this issue.

## III

■ Appellant alleges error in that the conviction was not based on sufficient evidence. Where sufficiency is challenged on review, we neither weigh the evidence nor judge the credibility of witnesses; rather, we look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Appellant's argument merely concludes that the evidence relied on to support the conviction was inherently unreliable. All three main witnesses, Appellant, McKinstry, and McKinstry's wife, told varying stories. The jury has the discretion to believe whomever they choose to believe. *Estep v. State* (1985), Ind., 486 N.E.2d 492, 494. Furthermore, the jury was aware that McKinstry offered his testimony pursuant to a plea agreement. The jury could then determine the weight to give such testimony. The evidence set forth above is sufficient to uphold the conviction.

## IV

Finally, Appellant contends he was denied a fair trial due to ineffective counsel. The only argument made in support of this contention is that Appellant informed trial counsel of the whereabouts of the jack handle which was the murder weapon, and that trial counsel failed to properly investigate the claim.

Under our standard of review for alleged ineffective assistance of counsel, the defendant must show that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. There is a strong presumption that counsel rendered adequate legal assistance. He must show also that counsel's errors had an adverse effect upon the judgment. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied* (1985), *cert. denied* (1986), — U.S. —, 106 S.Ct. 1241, 89 L.Ed.2d 349; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.*

Appellant has not fulfilled either prong of this standard. His allegation of poor performance is conclusory and without support, and he fails to show how he was prejudiced even if such allegation was true. We cannot hold that trial counsel was ineffective.

The trial court is affirmed.

GIVAN, C.J., and DEBRULER, SHEPARD and DICKSON, JJ., concur.