## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 26 2018, 6:21 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Bates
Lake County Public Defender Office –
Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dino Orville French,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 26, 2018

Court of Appeals Case No.
18A-CR-766

Appeal from the Lake Superior
Court

The Honorable Diane Ross
Boswell, Judge

Trial Court Cause No.
45G03-1408-FA-24

**Mathias, Judge.**

[1] Following a jury trial in Lake Superior Court, Dino Orville French ("French") was convicted of Class A felony child molesting and sentenced to an executed

term of forty years. French appeals and presents four issues, which we restate as:

> I. Whether the trial court abused its discretion when it granted the State's motion to amend the charging information during trial to change the date range of the offense;
>
> II. Whether the victim's testimony was sufficient to support French's conviction;
>
> III. Whether the trial court abused its discretion in sentencing French; and
>
> IV. Whether French's forty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

The victim in this case, A.W.,[1] was born in February 1997. When A.W. was an infant, her mother, E.G., became friends with French, who was born in 1938. A.W. saw French almost every day of her young life, and she considered him to be a father figure. French was a frequent caregiver to A.W. and her siblings; he would take them fishing, to the movie theater, and even occasionally with him on his plumbing jobs. When the children were slightly older, French would watch the children after they got home from school until their mother got home. French, however, betrayed the trust E.G. placed in him.

---

[1] French's brief refers to the victim as A.S., which represents her married name. The State refers to her as A.W., which represents her name at the time of the offense. We do the same.

[3] When A.W. was only three or four years old, French began to sexually molest her. These repeated molestations included fondling of A.W.'s genitals, insertion of his fingers into her vagina, oral sex, and anal sex. By the time A.W. was a sophomore in high school, she was struggling with anxiety, depression, and suicidal ideations. She informed a school social worker about the molestation. She also told her mother, E.G., that French had molested her and that E.G.'s current boyfriend had touched her buttocks. E.G. defended her boyfriend.

[4] On August 29, 2014, the State charged French with two counts of Class A felony child molesting, naming A.W. as the victim.[2] The first count alleged that French knowingly or intentionally performed or submitted to sexual intercourse with A.W. between February 28, 2001 and February 27, 2008, and the second count alleged that French knowingly or intentionally performed or submitted to deviate sexual conduct with A.W. between February 28, 2001 and February 27, 2008.[3]

[5] A jury trial was held on November 28–29, 2017. On the second day of trial, the State moved to amend the two counts against French by alleging that the conduct in the first count took place between February 28, 2000 and February 27, 2008, and that the conduct charged in the second count took place between

---

[2] The information also charged French with six counts of Class A felony child molesting, naming A.W.'s older sister as the victim. The charges involving A.W.'s sister were later severed, and the instant appeal arises from the trial of the charges involving A.W. only.

[3] The State filed an amended information on March 17, 2017, charging French with only two counts involving A.W.'s older sister; the charges involving A.W. were renumbered but remained the same in substance.

February 28, 2001 and February 27, 2009. The trial court granted the State's motion over French's objection. At the conclusion of trial, the jury found French not guilty of the count alleging molestation by sexual intercourse, but guilty on the count alleging molestation by deviate sexual conduct. At a sentencing hearing held on February 27, 2018, the trial court sentenced French to forty years of incarceration. French now appeals.

## I. Amendment of Charging Information

[6] French first argues that the trial court erred by permitting the State to amend the charging information during trial. We conclude that French has forfeited this argument. If a defendant believes that an amendment to the charging information is prejudicial, he must request a continuance to further evaluate and prepare his case in light of the amendment. *Miller v. State*, 753 N.E.2d 1284, 1288 (Ind. 2001); *Haak v. State*, 695 N.E.2d 944, 951 n.5 (Ind. 1998). Failing to request a continuance results in waiver of the issue on appeal. *Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind. 1996); *Daniel v. State*, 526 N.E.2d 1157, 1162 (Ind. 1988). Although French did object to the State's motion to amend the charging information, he did not seek a continuance. Under *Miller, Haak,* and *Haymaker*, French failed to preserve this claim of error.[4] Nevertheless, some cases from this

---

[4] French argues that he could not seek a continuance because the State moved to amend the charging information during trial. But the *Miller* court noted the requirement to request a continuance during a discussion about the amendment of a charging information to conform to the evidence presented during trial. *See id.* at 1288; *see also Lisenby v. State*, 493 N.E.2d 780, 782 (Ind. 1986) (finding no error for the trial court to permit the State to amend charging information on the morning of trial where defendant did not request a continuance); *Wilson v. State*, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010) (holding that defendant's failure to request continuance waived any appellate claim regarding the trial court's ruling permitting State to amend the charging information the day before trial), *trans. denied.*

court have held that a defendant does not have to request a continuance to preserve a claim that the trial court permitted an untimely *substantive* amendment to a charging information. *See Gibbs v. State*, 952 N.E.2d 214, 223 (Ind. Ct. App. 2011) (citing *Fuller v. State*, 875 N.E.2d 326, 331–32 (Ind. Ct. App. 2007)), *trans. denied*. As explained below, the amendment to the charging information in the present case was not substantive, and we do not consider these cases controlling. More importantly, even if French had properly preserved this issue, French would not prevail.

[7]     "A charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or to the substance of the original information." *Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014) (quoting *Fajardo v. State,* 859 N.E.2d 1201, 1203 (Ind. 2007)). Indiana Code section 35-34-1-5(a) provides that an information "may be amended on motion by the prosecuting attorney at any time because of any immaterial defect[.]" Immaterial defects include spelling and grammatical errors, the misjoinder of parties, the failure to state the time or place of the offense where such information is not of the essence of the offense, or "any other defect which does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(a)(1), (2), (7), (9).

[8]     In opposition to amendments of form, an information "may be amended in matters of substance . . . by the prosecuting attorney, upon giving written notice to the defendant at any time" up to thirty days prior to the omnibus date where the defendant is charged with a felony or "before the commencement of trial"

"if the amendment does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(b)(1), (2).

[9] The amendment statute further provides, "[u]pon motion of the prosecuting attorney, the court may, *at any time before, during, or after the trial*, permit an amendment to the . . . information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." I.C. § 35-34-1-5(c) (emphasis added). Accordingly, "[a]n amendment of substance is not permissible after trial has commenced, and after trial has begun, only amendments to fix defects, imperfections, or omission in form are permitted, so long as the substantial rights of the defendant are not prejudiced. *Blythe v. State*, 14 N.E.3d 823, 828 (Ind. Ct. App. 2014).

[10] Whether an amendment to a charging information is a matter of substance or form is a question of law, which we review *de novo*. *Erkins*, 13 N.E.3d at 405. "A defendant's substantial rights 'include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights.'" *Id*. (quoting *Gomez v. State*, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), *trans. denied)*. Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges. *Id*. at 405–06. An amendment is one of form and not substance if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form, and an amendment is one of substance only if it is essential to

making a valid charge of the crime. *Bennett v. State*, 5 N.E.3d 498, 514 (Ind. Ct. App. 2014), *trans. denied*.

[11] It is well settled that "time is not of the essence in the crime of child molesting." *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). As explained in *Barger*:

> It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Id.*

[12] In the present case, under the first amended charging information, the molestation was alleged to have occurred when A.W., who was born in February 1997, was between four and eleven years of age. Under the charging information as amended at trial, the molestation was alleged to have occurred when A.W. was between three and eleven years of age under the first count, and when she was between four and twelve years of age under the second count. Accordingly, under either version of the charging information, A.W.'s age was not "at or near the dividing line" of fourteen that distinguishes the crime of child molesting from the crime of sexual misconduct with a minor. *Compare* Ind. Code § 35-42-4-3(a) (defining the crime of child molesting as performing or submitting to sexual intercourse or deviate sexual conduct with a child under fourteen years of age), *with* Ind. Code § 35-42-4-9(a) (defining crime of sexual misconduct with a minor as performing or submitting to sexual

intercourse or deviate sexual conduct with a child at least fourteen years of age but less than sixteen years of age).[5] The amendment of the charging information was therefore one of form, not substance, and was permissible at any time. *See Baber v. State*, 870 N.E.2d 486, 492 (Ind. Ct. App. 2007) (holding that amendment of charging information to alter the dates when the molestation occurred were not amendments of substance because the victim's age of either six or seven at the time of the offenses was neither at nor near the "dividing line" of fourteen), *trans. denied*.

[13]   It is also of note that French did not assert any alibi defense. To the contrary, French's defense was that he simply did not commit the crimes alleged against him. This defense was available to him under the information as amended at trial. *See id*. (noting that defendant did not assert an alibi defense that would have been affected by the amendment of the dates in the charging information but instead denied that he committed the offenses, a defense that was still available under the amended information) (citing *Lacy v. State*, 438 N.E.2d 968, 972 (Ind. 1982) (recognizing an alibi defense as the "kind of situation which would make an amendment as to the date of the offense material by depriving

---

[5] We refer, of course, to the versions of the statute that were in effect when French committed his crimes. Although these statutes underwent some emendation during the relevant time period of 2000 to 2009, none of these changes altered the "dividing line" age of fourteen that distinguishes the crimes of child molesting and sexual misconduct with a minor.

the defendant of a defense"); *Taylor v. State*, 614 N.E.2d 944, 947 (Ind. Ct. App. 1993) (applying *Lacy* in context of a charge of child molesting), *trans. denied*).[6]

## II. Incredible Dubiosity

[14] French next argues that the evidence presented by the State was insufficient to support his conviction because A.W.'s testimony was incredibly dubious. Our standard of review on claims of insufficient evidence is well settled:

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the verdict and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). Moreover, it has long been held that the uncorroborated testimony of a victim is sufficient to support a conviction for child molesting. *Carter v. State*, 31 N.E.3d 17, 30 (Ind. Ct. App. 2015) (citing *Morrison v. State*, 462 N.E.2d 78, 79 (Ind. 1984)).

---

[6] French also argues that the amendment deprived him of the right to prepare a defense because his trial counsel had no time to investigate whether French had an alibi for the time added by the amendment to the information. But, as noted above, French did not request a continuance, which would have permitted him to investigate any such defenses.

[15] French does not deny that A.W.'s testimony, if believed, was sufficient to support his conviction. He argues instead that A.W.'s testimony was unworthy of credit, citing the "incredible dubiosity" rule. Under the incredible dubiosity rule, an appellate court may impinge upon the fact-finder's assessment of witness credibility if the sole witness's "testimony at trial was so 'unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone.'" *Carter v. State*, 44 N.E.3d 47, 52 (Ind. Ct. App. 2015) (quoting *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015)). Incredible dubiosity is a difficult, but not impossible, standard to meet and requires ambiguous, inconsistent testimony that runs counter to human experience. *Id*. (citing *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001)).

[16] French argues that A.W.'s testimony was incredibly dubious because she claimed that some of the molestations occurred when others were in the same house or even in the same room. However, it is not uncommon for child molesting to occur when other people are in the home or even in the same room. French also complains that A.W.'s testimony was inherently unreliable because she reported that her mother's boyfriend touched her buttocks but did not report similar conduct by French. But this does not make her testimony inherently unbelievable. Moreover, A.W. did eventually report French's molestation. Lastly, French claims that A.W.'s testimony regarding French performing anal intercourse on her is unreliable because she did not complain of any pain or bleeding, but only "overwhelming" pressure. Tr. Vol. 3, pp. 152–53. We note, however, that A.W. testified that French only placed the tip of his

penis into her rectum. That A.W. did not experience pain or injury does not mean that no reasonable person could believe her testimony. Simply put, A.W.'s testimony was not incredibly dubious.

[17] Because A.W.'s testimony was not incredibly dubious, any inconsistencies in her testimony were for the jury to consider in determining her credibility, and we will not invade the province of the jury by reweighing the evidence or reconsidering A.W.'s credibility. In short, the evidence was sufficient to support French's convictions.

## III. Abuse of Sentencing Discretion

[18] French next argues that the trial court abused its discretion when it imposed a forty-year sentence on French's Class A felony conviction. The sentencing range for a Class A felony is twenty to fifty years, with thirty years being the advisory sentence. Ind. Code § 35-50-2-4(a).

### A. Standard of Review

[19] Sentencing decisions are entrusted to the sound discretion of the trial court. *Grimes v. State*, 84 N.E.3d 635, 643 (Ind. Ct. App 2017), *trans. denied* (citing *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218). Thus, we review the trial court's sentencing decision only for an abuse of that discretion. *Id*. A trial court abuses its discretion when its sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. As explained by our supreme court in *Anglemyer*, there are

several ways a trial court may abuse its discretion, including: (1) failing to enter a sentencing statement at all; (2) articulating reasons in a sentencing statement that are not supported by the record; (3) omitting reasons in a sentencing statement that are clearly supported by the record; or (4) articulating reasons that are improper as a matter of law. 868 N.E.2d at 490–91; *accord Grimes*, 84 N.E.3d at 643–44.

*B. Failure to Find Mitigating Circumstances*

[20] French claims that the trial court abused its discretion by failing to find any mitigating circumstances. The determination of mitigating circumstances is within the discretion of the trial court. *Townsend v. State*, 45 N.E.3d 821, 830–31 (Ind. Ct. App. 2015), *trans. denied*. A trial court is not required to accept a defendant's arguments as to what constitutes a mitigating factor, nor is a trial court required to give the same weight to proffered mitigating factors as does a defendant. *Id*. at 830. A trial court does not abuse its discretion by failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. *Id*. at 830–31. An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record. *Id*. at 831.

[21] The first mitigating factors that French claims the trial court improperly overlooked is French's advanced age and frail health. However, it has long been held that that age is neither a statutory nor a *per se* mitigating factor. *Monegan v.*

*State*, 756 N.E.2d 499, 504 (Ind. 2001) (citing *Sensback v. State,* 720 N.E.2d 1160, 1164 (Ind. 1999)). With regard to his health, it does appear that French suffered from several physical ailments, which is not uncommon for someone of his age. But French does not explain how his ailments had anything to do with his crimes. *See Wooley v. State*, 716 N.E.2d 919, 931 (Ind. 1999) (finding no error in trial court's failure to consider defendant's seizure disorder as a mitigating circumstance where there was no showing that his disorder affected his behavior or reduced his responsibility for his crime). Nor does French claim that his physical problems cannot be adequately addressed during incarceration. *Cf. Moyer v. State*, 796 N.E.2d 309, 314 (Ind. Ct. App. 2003) (holding that trial court abused its discretion by failing to find defendant's lymphoma as a mitigating factor where the defendant testified at length regarding the medical hardships that he would endure if incarcerated and where record reflected that defendant's illness required constant medical attention and frequent tracheal cleanings and sterile catheters, which the prison could not regularly provide).

[22] Even if French had received a minimum sentence, he would still have to spend several years in prison and be treated while incarcerated. And to the extent that his prosecution and conviction have had an adverse impact on his health, French can blame no one but himself and his deviant behavior for this. The trial court certainly did not have to consider this as a mitigating factor. Moreover, despite French's age and considerable physical problems, these issues did not impede his ability to repeatedly molest his young victim. We therefore conclude

that the trial court did not abuse its discretion by failing to consider either French's age or his physical condition as significant mitigating factors.

[23] French next claims that the trial court should have considered as mitigating that his crimes are unlikely to reoccur. In so arguing, French notes the collateral consequences of his conviction, i.e., that he will be required to register as a sex offender and not be around children. But this would be the case regardless of the length of French's sentence.[7] Although the pre-sentence investigation report indicates that French is at a moderate risk to reoffend, this does not by itself mean that the trial court was required to find that French was unlikely to reoffend or consider this as a mitigating factor, as there was evidence that French's molestation of A.W. took place over the course of several years and was not an isolated incident. *See Ware v. State*, 816 N.E.2d 1167, 1178 (Ind. Ct. App. 2004) (holding that trial court did not abuse its discretion not to find as mitigating that defendant's crimes were the result of circumstances unlikely to recur where he engaged in ongoing sexual relationship with minor for several months and his crime was not an isolated incident).

[24] French also contends that the trial court should have considered as mitigating that his last prior conviction was in 1971. While the fact that French was not convicted of any crimes since 1971 is laudable, it does not erase the fact that he had many serious convictions prior to this date. Moreover, French sexually

---

[7] To the extent that French claims that these collateral consequences are themselves mitigating, we disagree. These restrictions are merely prophylactic measures to mitigate the chance that French might repeat his criminal behavior.

abused A.W. for an extended period during the latter part of this time. Thus, the trial court was not required to consider this long period of conviction-free time as a mitigating factor. *See Robinson v. State*, 775 N.E.2d 316, 321 (Ind. 2002) (holding that trial court properly attached no mitigating weight to defendant's minor criminal history consisting of one misdemeanor possession of marijuana conviction and some traffic infractions); *Townsend v. State*, 860 N.E.2d 1268, 1272 (Ind. Ct. App. 2007) (holding that trial court was not required to consider defendant's relatively minor and unrelated criminal history as a mitigating circumstance), *trans. denied*.

### C. Aggravating Circumstances

[25] French also claims that the trial court abused its discretion in considering certain factors as aggravating. The trial court found five aggravating factors: (1) the defendant's prior criminal history; (2) the nature and circumstances of the crime; (3) the acts occurred over an extended period of time when A.W. was between the ages of four and eleven years old; (4) French held a position of trust as a family friend and was referred to by A.W. as "Uncle Dino"; and (5) French had custody and care of A.W. on several occasions. Appellant's App. p. 212.

[26] On appeal, French argues that the last four aggravating factors are "variations on two themes: the nature and circumstances of the crime, and violation of a position of trust." Appellant's Br. at 20. But even if we agree with French, the most he has established is that the trial court should have counted these four aggravators as two. He does not claim that these circumstances are improper

aggravators.[8] It is well established that even a single aggravating circumstance may be sufficient to support an enhanced sentence. *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016), *trans. denied*. Indeed, abusing a position of trust is, by itself, a valid aggravator that may support the imposition of even the maximum sentence. *Id*. (citing *Hart v. State*, 829 N.E.2d 541, 544 (Ind. Ct. App. 2005)).

[27] "When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld." *Id*. (quoting *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999)). The question is whether we are confident the trial court would have imposed the same sentence even if it had not found the improper aggravator. *Id*. Here, we are confident that, even if the trial court should have listed only two aggravators, it would have imposed the same sentence.

[28] Similarly, even if a trial court has abused its discretion in sentencing a defendant, we need not remand for resentencing if we conclude that the trial court's sentence is not inappropriate. *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013); *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013), *trans. denied*; *Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012),

---

[8] Even if he did, he would be incorrect. *See Caraway v. State*, 959 N.E.2d 847, 850 (Ind. Ct. App. 2011) (noting that, although a trial court may not use a material element of the offense as an aggravating factor, it may find the particular nature and circumstances of the offense to be aggravating), *trans. denied*; *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind. Ct. App. 2009) (noting that violation of a position of trust is a valid aggravating factor), *trans. denied*.

*trans. denied*. As discussed below, we conclude that French's sentence is not inappropriate.

## IV. Appellate Rule 7(B)

[29]	Lastly, French claims that his forty-year executed sentence is inappropriate. Even if a trial court acts within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Trainor v. State*, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), *trans. denied* (citing *Anglemyer*, 868 N.E.2d at 491). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[30]	Although we may revise a sentence on appeal, we must and should exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*.

[31] Under Appellate Rule 7(B), the appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v. State*, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010) (citing *Anglemyer,* 868 N.E.2d at 494).

[32] Here, French was convicted of a Class A felony. As noted above, the sentencing range for a Class A felony is twenty to fifty years, with thirty years being the advisory sentence. I.C. § 35-50-2-4(a). The trial court imposed a forty-year sentence, which is ten years above the advisory but also ten years below the maximum. With this in mind, we consider the nature of French's offense and French's character.

[33] The nature of French's offense is heinous. He repeatedly molested a young girl whose family had placed their trust in French. Indeed, A.W. testified that French was a role model. But French abused this position of trust in one of the vilest ways. Nothing about the nature of French's offense persuades us that his forty-year sentence is inappropriate.

[34] The same is true for French's character, as evidenced by his extensive criminal history. French emphasizes that his last conviction was decades ago, in 1971.

Again, we laud French for this long period of crime-free life. But the evidence presented at trial showed that French began to molest A.W. in 2001, and these molestations were not exposed until years later. Moreover, French's prior convictions were relatively serious: misdemeanor and felony theft, auto theft, and assault with the intent to kill.

[35] French argues that his forty-year sentence might as well be the maximum sentence in that, given his advanced age and physical infirmity, he will probably die in prison. But, as French was almost eighty years old at the time of sentencing,[9] this would most likely hold true even if French had been sentenced to the minimum term of twenty years. We do not consider French's sentence inappropriate based on his age. *See Rolston v. State*, 81 N.E.3d 1097, 1106 (Ind. Ct. App. 2017) (affirming maximum thirty-year sentence imposed on sixty-year-old defendant even though it would mean that the defendant would most likely die in prison), *trans. denied*.

[36] Considering both the nature of the offense and the character of the offender, and giving due consideration to the trial court's sentencing decision, we are unable to conclude that French's forty-year sentence is inappropriate.[10]

---

[9] French was born on September 1, 1938 and was sentenced on February 27, 2018, approximately six months from his eightieth birthday.

[10] The cases French cites in his reply brief to support his claim that his sentence is inappropriate are distinguishable. *Cardwell*, 895 N.E.2d at 1226, where the court revised a thirty-four-year sentence to one of seventeen years, did not involve a conviction for child molesting, and the defendant's criminal history consisted only of misdemeanors. *Prickett v. State*, 856 N.E.2d 1203, 1209–10 (Ind. 2006), where the court reduced a forty-year sentence to thirty, involved a defendant who had a minor criminal history and who committed one incident of child molesting with a thirteen-year-old victim. In *Mishler v. State*, 894 N.E.2d

# Conclusion

[37]    The trial court did not err by granting the State's motion to amend the charging information during trial. French did not preserve this claim of error by failing to request a continuance. Even if he had preserved this claim, the amendment was one of form and could have been made at any time. We further conclude that the victim's testimony was not incredibly dubious, and therefore, that testimony was sufficient to support French's conviction for Class A felony child molesting. Lastly, the trial court did not abuse its discretion in the identification of aggravating and mitigating factors when determining French's sentence, and even if it did, no remand is required because we do not find French's forty-year sentence to be inappropriate in light of the nature of the offense and the character of the offender.

[38]    Affirmed.


        Bailey, J., and Bradford, J., concur.

---

1095, 1104 (Ind. Ct. App. 2008), where the court reduced a fifty-year-sentence to one of thirty-eight years, involved the maximum sentence, and the defendant had a criminal history that consisted only of misdemeanors. Here, French's criminal history, although remote, includes prior felony convictions.